[No. 11877.    Department One. — May 31, 1887.]

## LASSEN COUNTY, RESPONDENT, *v.* J. S. CONE, APPELLANT.

LICENSE — DISCRIMINATION — CONSTITUTIONAL LAW. — An ordinance of a board of supervisors levying a license tax upon all sheep which are pastured in the county, but exempting from the payment thereof those persons who list their sheep as taxable property in the county, and pay taxes on them as such, is in violation of section 21 of article 1 of the constitution, prohibiting the granting of privileges or immunities to any class of citizens which are not granted to all citizens.

APPEAL from a judgment of the Superior Court of Lassen County.

The facts are stated in the opinion.

*Chipman & Garter,* and *E. V. Spencer,* for Appellant.

*E. R. Dodge,* and *A. L. Shinn,* for Respondent.

FOOTE, C. — This is an appeal from a judgment rendered against Cone, in favor of Lassen County, whereby there was recovered from him a certain sum of money, viz., five hundred dollars, being two and a half cents upon each of twenty thousand sheep, which he had pastured

in that county, and for the further sum of one hundred dollars, as a penalty in not paying the first-named sum, which by an ordinance, passed before that time by the board of supervisors of said county, had been denominated a license tax.

The county claims the right to collect such license fee and penalty by virtue of section 35, part 27, of the County Government Act, the portion of which, as it is alleged, that gives power to make and enforce such an ordinance being in these words: —

" To license for purposes of regulation and revenue all and every kind of business not prohibited by law." (Deering's Pol. Code, sec. 845.)

The ordinance under consideration, as we think, discriminates in favor of those engaged in the business of raising sheep in Lassen County, as against persons who raise sheep and pay taxes upon them in other counties in the state, and although denominated a license tax upon business, is in reality a tax upon property. It levies a tax of two and a half cents per head upon all sheep which are pastured in that county, for any period of time during any given year, which tax is, however, *not* to be paid by those who list their sheep as taxable property in in that county, and pay taxes on them as such. Thus it undertakes to force sheep-raisers from another county of the state to pay a tax upon property in Lassen County, upon which they had already paid a property tax in another county, where it is listed and assessed for taxation. If this was a mere police regulation, why excuse those of the same class from paying it, if they pay a property tax upon it to Lassen County?

Does not this appear as if the two taxes were considered by the board of supervisors as interchangeable and similar? The sheep-raiser of Lassen County need not pay the so-called license tax, if he will pay in lieu thereof the property tax, levied and assessed. Taxes for revenue is what the county wants, and to get it, as against those who

do not have their property listed and assessed in that county, it levies upon the property of residents of other counties who have already paid a tax upon it for revenue in their own county, that which is *called* a license tax, i. e., two and a half cents upon each head of sheep that Cone grazes in Lassen County for a few months in the year (upon his own land mainly), upon which he has already for that year paid full property taxes in Tehama County.

It appears to us clear that this ordinance cannot be regarded as a police regulation, and that so far as the defendant is concerned, it is a discrimination against him upon his property as a citizen of this state, which is not applied to others of his class, and that it grants an immunity to the same class of persons in Lassen County which is not given to the defendant as one of that class.

We are of opinion, therefore, that the ordinance in question is violative of that part of section 21, article 1, of the state constitution, which is as follows: " Nor shall any citizen or class of citizens be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens," and which applies as well to an ordinance as to a legislative act.

The judgment should be reversed, and the cause remanded, with directions to the court below to render judgment for the defendant on the findings.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, judgment reversed and cause remanded, with directions to the court below to render judgment for the defendant on the findings.