FLANIGAN *v.* SIERRA COUNTY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 121. Argued January 12, 1905.—Decided February 20, 1905.

Whether a statute of a State is or is not a revenue measure and how rights thereunder are affected by a repealing statute depends upon the construction of the statutes, and where no Federal question exists this court will lean to an agreement with the state court.

Under the California cases the county ordinance imposing licenses involved in this case was a revenue and not a police measure.

While the doctrine that powers derived wholly from a statute are extinguished by its repeal and no proceedings can be pursued under the repealed statute, although begun before the repeal, unless authorized under a special clause in the repealing act has been oftenest illustrated in regard to penal statutes, it has been applied by the California courts to the repeal of the power of counties to enact revenue ordinances and will therefore in such a case be applied by this court.

THE facts are stated in the opinion.

*Mr. C. C. Cole,* with whom *Mr. Joseph C. Campbell* and *Mr. Thomas H. Breeze* were on the brief, for petitioner:

The ordinance under which this action was commenced was repealed by the act of the legislature of the State of California of March 23, 1901, and hence the action is abated. *Garrison*

v. *New York*, 21 Wall. 196; *Louisiana* v. *New Orleans*, 109 U. S. 285.; *Freeland* v. *Williams*, 131 U. S. 417; *United States* v. *Tynen,* 11 Wall. 88; *Norris* v. *Crocker*, 13 How. 429; *Maryland* v. *B. & O. R. R. Co.*, 3 How. 534.

The ordinance was obviously enacted solely for raising revenue. It was not a licensing ordinance. *Sonora* v. *Curtin*, 137 California, 583; Cooley on Taxation, 573; *Mayor* v. *Charlton*, 36 Georgia, 460. A license confers a privilege, and makes the doing of something legal, which, if done without it, would be illegal. *Insurance Co.* v. *Augusta*, 50 Georgia, 530; *Burch* v. *Savannah*, 42 Georgia, 596; *Chilvers* v. *People*, 11 Michigan, 43; *Robinson* v. *Mayor*, 1 Humph. 156; *Ould* v. *Richmond*, 23 Gratt. 464; *Reed* v. *Beall*, 42 Mississippi, 472.

The effect of the ordinance is not otherwise than if it had provided that all sheep owned by those engaged in this business, should be taxed ten cents a head; that upon the payment of the tax the owner should be entitled to a tax receipt evidencing such payment, and that if it were not paid, it should become a debt due the county to be collected by a civil suit. Calling the tax receipt a "license" and the tax a "license tax" does not confine the lawful authority to transact this business to those who have paid the tax and procured the "license" any more than an ordinary tax on property creates a right or authority to own property. A license is a police regulation controlling the exercise of a profession, business or occupation. *Cache County* v. *Jensen*, 61 Pac. Rep. 303; *Mayor* v. *Second Ave. R. R. Co.*, 32 N. Y. 261; *Mays* v. *Cincinnati*, 1 Ohio St. 268; *Am. Fertilizing Co.* v. *Board of Agriculture*, 43 Fed. Rep. 609; *Flanigan* v. *Plainfield*, 44 N. J. L. 118; Cooley on Taxation, 597; *Merced County* v. *Helm*, 102 California, 159, 163; *Kiowa County* v. *Dunn*, 40 Pac. Rep. 357. As to power of county to enact revenue and license ordinances, see Political Code, § 3366; California Statutes, 1900, passed March 23, 1901, c. 209, p. 635; *Ex parte Pfirrmann*, 134 California, 143; *Sonora* v. *Curtin*, 137 California, 583, and cases cited.

Irrespective of the decisions of the courts of other States and of their rulings on the effect of similar statutes, the de-

cisions of the Supreme Court of California in the construction of a statute of that State must be read into that statute and conclusively control the Federal courts in their determination of its object and effect. *Brown* v. *New Jersey,* 175 U. S. 172; *Noble* v. *Mitchell,* 164 U. S. 367; *Illinois Cent. R. Co.* v. *Illinois,* 163 U. S. 142; *N. Y., L. E. & W. R. Co.* v. *Pennsylvania,* 158 U. S. 431; *Leeper* v. *Texas,* 139 U. S. 462; *M., K. & T. Ry. Co.* v. *McCann,* 174 U. S. 580; *Cravens* v. *N. Y. Life Ins. Co.,* 178 U. S. 389; *Morley* v. *Lake Shore & M. S. Ry. Co.,* 146 U. S. 162; *Lapp* v. *Ritter,* 88 Fed. Rep. 108; *Southern Ry. Co.* v. *North Carolina Corp. Comm.,* 99 Fed. Rep. 102; *O'Brien* v. *Wheelock,* 95 Fed. Rep. 883, 905.

*Mr. Frank R. Wehe,* with whom *Mr. W. J. Redding* and *Mr. C. N. Post* were on the brief, for respondent in No. 121; *Mr. U. S. Webb* and *Mr. L. N. Peier* for respondent in No. 122,[1] involving a similar ordinance, submitted:

The ordinance was passed in the exercise of police power and for the purpose of regulation, and was not, therefore, repealed. When petitioner commenced to do business in the county he became indebted to respondent in the amount due for the license. The right to the sum due vested in the county; hence no repeal could affect it. All constitutional questions raised have been decided adversely to petitioner by the Supreme Court of the State of California. The ordinance was in the exercise of police power and was not repealed. California Const., Art. XI, § 11; County Government Act, § 25, subd. 25, Stat. 1897, p. 465; *In re Guerro,* 69 California, 90; *Ex parte Mount,* 66 California, 448; *Ex parte Mirande,* 73 California, 374; *El Dorado County* v. *Meiss,* 100 California, 270; *Inyo County* v. *Erro,* 119 California, 120; *Ex parte Ah Toy,* 57 California, 92; *Ex parte Pfirrmann,* 134 California, 147; *Ex parte Roach,* 104 California, 276; *Los Angeles County* v. *Eikenberry,* 131 California, 461; Cooley on Taxation, 599; 1 Tiede-

---

[1] *Wheeler* v. *Plumas County, post,* p. 562.

man State & Federal Control, 483.  Ordinary expenses are raised by taxes but in licensed businesses such as sheep raising there are extra hazards involving extra governmental expenses which must be met by police regulation.  *St. Paul* v. *Coulter*, 12 Minnesota, 16;. *Postal Tel. Cable Co.* v. *Charleston*, 153 U. S. 691; *Western Union Tel. Co.* v. *New Hope*, 187 U. S. 419; *Atl. & Pac. Tel. Co.* v. *Philadelphia*, 190 U. S. 160; *Philadelphia* v. *Atl. & Pac. Tel. Co.*, 89 Fed. Rep. 460; *Chilvers* v. *People*, 11 Michigan, 43; *Fayetteville* v. *Carter*, 52 Arkansas, 301; *Lumber Co.* v. *Arkadelphia*, 56 Arkansas, 370; *Ash* v. *People*, 11 Michigan, 347; *Littlefield* v. *State*, 42 Nebraska, 223; *Jacksonville* v. *Ledwith*, 26 Florida, 163; *Tomilson* v. *Indianapolis*, 114 Indiana, 142; *White* v. *Redmond*, 43 Minnesota, 250; *Marmet* v. *State*, 45 Ohio St. 63; *Ferry Company* v. *East St. Louis*, 107 U. S. 365.  Petitioner refused to try the question of the reasonableness of the fee.  He declined to answer and make the issue, and, in the absence of a trial, it must appear from the face of the ordinance that the fee is so excessive that the court can infer as matter of law that the purpose of the ordinance was to raise revenue and not to reimburse the county for the cost of regulation of the business licensed.  *Glenn* v. *Mayor*, 5 Hill & J. 424; *Merced County* v. *Fleming*, 111 California, 46, 51; *Brooklyn* v. *Breslin*, 57 N. Y. 591, 596; *Price* v. *People*, 193 Illinois, 114; *Grand Rapids* v. *Brandy*, 105 Michigan, 671; *Atkins* v. *Phillips*, 26 Florida, 281; *Uttumwa* v. *Zekind*, 95 Iowa, 622; *Burlington* v. *Unterkircher*, 99 Iowa, 401; *Vansant* v. *Harlem Stage Co.*, 59 Maryland, 335; *People* v. *Russell*, 49 Michigan, 633.

The legislature of California has expressly authorized the county to license and fix the rate of license tax.

As to reasonableness of fee, see *Duluth* v. *Krupp*, 46 Minnesota, 435; *Sifert* v. *Johnson*, 65 Pac. Rep. 710; 2 Tiedeman, State & Federal Control, 838; *Lawton* v. *Steele*, 152 U. S. 135; Sutherland, § 335.

The moment the license was prescribed by the county the transaction of the business was forbidden unless the license

.was taken out, hence the issuance of the license permits the person to transact the business. *Ex parte Christensen*, 85 California, 210.

The constitutional questions involved have been decided against the petitioner by the Supreme Court of California. A license fee is not a tax. *Santa Barbara v. Stearns*, 51 California, 499; *State v. Cassidy*, 22 Minnesota, 318; *Ex parte Robinson*, 12 Missouri, 263.

MR. JUSTICE McKENNA delivered the opinion of the court.

This action was brought by respondent against petitioner in the Superior Court of the County of Sierra, State of California, and removed on his motion to the United States Circuit Court.

The action was brought to recover the amount of license ordained under an ordinance passed May 31, 1900, by the supervisors of the respondent county, under what is known as "The County Government Act." California Stat. 1897, c. CCLXXVII. The act gave power to the boards of supervisors of counties as follows:

"To license for regulation and revenue, all and every kind of business not prohibited by law, and transacted and carried on in such county, and all shows, exhibitions, and lawful games carried on therein, to fix the rates of license tax upon the same, and to provide for the collection of the same, by suit or otherwise." Sec. 25, subd. 25.

In pursuance of the power conferred the ordinance in controversy was enacted, section 1 of which is as follows:

"Each and every person, copartnership, firm or corporation engaged in the business of raising, grazing, herding or pasturing sheep in the county of Sierra, State of California, must annually procure a license therefor from the license collector, and must pay therefor the sum of ten (10) cents for each sheep or lamb owned by, in the possession of, or under the control of such person, copartnership, firm or corporation, and used in such business in said county."

Application for a license is required to be made by affidavit, stating the number of sheep owned by and in possession of the applicant. "The license tax," it is provided, "shall be deemed a debt due to the county," which the district attorney of the county is directed to sue for; and a judgment is authorized. In case of recovery by the county, $50 damages and costs must be added to the judgment. All money collected for license, less a fee of ten per cent for collection, "shall be paid over to the county treasurer, as other moneys are, and be placed to the credit of the general funds of the county." Years within the meaning of the ordinance shall commence on the first day of January and end on the thirty-first day of December.

The petitioner between the first of May and the twenty-fifth of June, 1900, engaged in the business described in the ordinance, and had in his possession and under his control 25,000 sheep. He failed to apply for a license, and became, it is alleged, indebted to the county for the sum of $2,500, and became further indebted to the sum of $50 by way of damages for his neglect. Payment of both sums was demanded.

Petitioner demurred to the complaint, which, being over-ruled, and he having declined to answer, judgment was taken against him. It was affirmed by the Circuit Court of Appeals. 58 C. C. A. 340.

The ordinance was passed on the thirty-first day of May, 1900, and suit was brought on the twenty-fifth day of June of that year. On March 23, 1901, by an amendment to the Political Code of the State of California, section 3366, Stat. Cal. 1900, 1901, p. 635, the authority of the board of supervisors to license for revenue was repealed. The repealing provision is as follows:

"Boards of supervisors of the counties of the State, and the legislative bodies of the incorporated cities and towns therein, shall, in the exercise of their police powers, and for the purpose of regulation, as herein provided, and not otherwise, have power to license all and every kind of business not prohibited by law, and transacted and carried on within the limits of their

respective jurisdictions, and all shows, exhibitions and lawful games carried on therein, to fix the rates of license tax upon the same, and to provide for the collection of the same by suit or otherwise."

It is contended that the ordinance imposing the license was a revenue measure, not a police regulation, and that the law under which it was enacted, having been repealed, the suit abated. And, it is also contended, that there was no power to pass the ordinance. The latter contention is certainly untenable. *Ex parte Mirande*, 73 California, 365. The former requires some discussion. There are two parts to it—the character of the ordinance, as being for revenue or regulation, and the effect of the repeal of the ordinance. Under the authority of the California cases, it must be regarded as a revenue measure. 72 California, 387; 73 California, 365; 119 California, 119; *Town of Santa Monica* v. *Guidinger*, 137 California, 658; *City of Sonora* v. *Curtin*, 137 California, 583.

In *Merced County* v. *Helm*, 102 California, 159, the court said, distinguishing between the taxing power and the police power, that the latter "is exercised in the enforcement of a penalty prescribed for a non-compliance with the law, or for the doing of some prohibited act." It was provided by the ordinance passed on that the license should be a "debt," payable in advance and to be collected, in case of non-payment by suit. The absence of regulatory provisions has also been held to be an element in determining the character of an ordinance. *Town of Santa Monica* v. *Guidinger*, 70 Pac. Rep. 732. The ordinance in controversy in the case at bar was, at least, assumed by the Circuit Court of Appeals to be a revenue measure. This being its character, what was the effect of its repeal? It withdraws the power of collecting the tax, petitioner contends. The Court of Appeals did not take this view. The court regarded the right of the county as vesting at the date of the imposition of the license, and that the liability of petitioner was so far contractual as to be unaffected by the repeal of the statute giving power to the county to enact the

ordinance. We are unable to assent to this view. It is disputable under the authorities, and it is opposed to the decisions of the Supreme Court of the State of California.

The general rule is that powers derived wholly from a statute are extinguished by its repeal. Sutherland on Statutory Construction, § 165. And it follows that no proceedings can be pursued under the repealed statute, though begun before the repeal, unless such proceedings be authorized under a special clause in the repealing act. 9 Bacon's Abridgement, 226. This doctrine is oftenest illustrated in the repeal of penal provisions of statutes. It has, however, been applied by the Supreme Court of the State of California to the repeal of the power of counties to enact ordinances for revenue.

*Town of Santa Monica* v. *Guidinger*, 137 California, 658, was an action for the recovery of $50 for license imposed under an ordinance of the town "for the licensing of business carried on in the town . . . for purposes of regulation and revenue." The defendant was charged with two license taxes for $25 each for the year following the date of the ordinance, that being the annual date established by the ordinance, "for each person acting as agent or solicitor for any laundry whose plant or works are located without the corporate limits of the town." It was held that the license tax was repealed, and the right of action therefore extinguished, by section 3366 of the Political Code, added thereto by the act of March 23, 1901. This is the same section relied upon in the case at bar. The court said it was clear that the license tax in question was imposed for the purpose of raising revenue, and that the case was therefore substantially similar to that of *City of Sonora* v. *Curtin*, 137 California, 583. The ordinance involved in the latter case contained penal provisions, but they manifestly did not determine the decision. The court observed:

"The right is given by the ordinance to bring a civil suit to recover the amount so made a license tax. This civil remedy was created by the ordinance, and the remedy is repealed by the repeal of the ordinance as to revenue.

· "In speaking of the rule as to enforcements of rights under repealed statutes, Endlich on the Interpretation of Statutes [sec. 480], says: 'The same rule applies to rights and remedies founded solely upon statute, and to suits pending to enforce such remedies. If at the time the statute is repealed, the remedy has not been perfected· or the right has not become vested, but still remains executory, they are gone.' "

It is clear that the decision was not based alone on the penal character of the ordinance but on the broader principle that the power to enact it having been ·taken away the power to enforce it was also taken away. The cases cited by the court illustrate this. Among others, *Napa State Hospital* v. *Flaherty*, 134 California, 315, was cited. In that case the right given by a statute of the State to maintain an action against the father of an insane adult son was held to be taken away by the repeal of the statute conferring the right.

But if the ordinance passed on in *City of Sonora* v. *Curtin* was penal, the ordinance involved in the case at bar may be so characterized within the limits of the principle we are now - discussing, as applied by the Supreme Court of the State of California. What it might be under broader considerations see *Huntington* v. *Attrill*, 146 U. S. ·657.

·That there is a conflict between the Supreme Court of the State and the Circuit Court of Appeals respondent does not deny. Counsel, however, say the conflict "does not arise out of a construction of a statute of the State," but (we quote the language of counsel) "as to the effect of the new statute, construed by each court to be a repeal of a prior statute, upon the rights of the litigant granted under the prior statute, the Circuit Court of Appeals first assuming, but not deciding, that the ordinance *may* have been a revenue measure, and the Supreme Court of California deciding that in its cases the ordinance *was* a revenue measure. This question did not involve the construction of the statute; it was merely the determination of a question that depended upon the principle ·of general law and not upon a positive statute of the State." The counsel further

say: "In such cases the courts of the United States are not required to follow the decision of state courts." The distinction made by counsel we cannot adopt. Whether a statute of a State is or is not a revenue measure certainly depends upon the construction of that statute. Besides, if in any case we should lean to an agreement with the state court, this is such a case. There is no Federal right involved. The question is one strictly of the state law; and the power of one of the municipalities of the State under that law. If we should yield to the contention of counsel we should give greater power to one of the municipalities of the State than the law of the State, as construed by the Supreme Court of the State, would give it. We should enforce against petitioner a tax which the Supreme Court of the State, construing a state law, would not enforce. The result of the contention indicates its error.

*Judgment reversed and cause remanded for further proceedings in conformity with this opinion.*