[Civ. No. 98.    Third Appellate District.—January 5, 1906.]

## PLACER COUNTY, Respondent, v. WHITNEY ESTATE COMPANY, Appellant.

COUNTIES—LICENSE—POWER OF SUPERVISORS—REGULATION AND REVENUE.—Section 3366 of the Political Code, as amended March 23, 1901, granting to boards of supervisors, "in the exercise of their police powers," power to license all and every business, not prohibited, for purposes of regulation and not otherwise, operated to repeal by implication the power previously possessed by boards of supervisors, under subdivision 27 of section 25 of the act of March 31, 1891 (Stats. 1891, p. 306, c. 216), and subdivision 25 of section 25 of the County Government Act of 1897 (Stats. 1897, p. 65, c. 277), to license businesses generally for the purpose of both regulation and revenue.

ID.—PRESUMPTION AS TO PURPOSE OF ORDINANCE.—An ordinance passed at a time when the board of supervisors had the power to license business for the purpose of both regulation and revenue, but which does not specify the purpose for which it was enacted, will not be presumed, after section 3366 of the Political Code, as amended in 1901, became operative, to have been enacted solely for the purpose of regulation.

ID.—LICENSE FOR SHEEP HERDING—PURPOSE OF REVENUE.—The ordinance of the board of supervisors of Placer county, passed April 13, 1892, providing that every person, company or corporation engaged in the business of raising, grazing, herding or pasturing sheep or goats within that county, shall pay for a license therefor the sum of five cents per head per annum for each head of sheep and goats so grazed, herded or pastured, and imposing a fine for the violation thereof, was for the purpose of revenue only, and the power of the board to enact such ordinance was repealed by the amendment of March 23, 1901, to section 3366 of the Political Code.

APPEAL from a judgment of the Superior Court of Placer County.   J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

Tuttle & Tuttle, and F. A. Duryea, for Appellant.

A. K. Robinson, for Respondent.

BUCKLES, J.—This is an action to collect $360 from the appellant as a license tax for the business of raising, grazing, herding, and pasturing sheep.   The right to collect this license tax is claimed to be under an ordinance of the board of supervisors of Placer county.   The ordinance reads as follows:

"Section 1.   Every person, company or corporation engaged in or who shall hereafter engage in the business of raising, grazing, herding or pasturing sheep or goats within the county of Placer, state of California, shall procure and pay for a license therefor, from the license collector of the county of Placer, of five cents per head per annum (later changed to three cents per head) for each head of sheep and goats, grazed, herded or pastured within said county of Placer by such person, company or corporation.   No license shall be issued under this ordinance for any term or period less than one year.

"Sec. 2.   It is the duty of the license collector to collect the licenses under the ordinance, and as compensation for collecting the same he may retain for his own use an amount equal to twenty-five per cent of the moneys collected for licenses under this ordinance, and shall pay into the treasury of Placer county all sums so collected in excess of his said compensation of twenty-five per cent, which amount shall be placed in the general road fund of Placer county.   He may enforce the collection of such licenses in the manner provided by section 3360 of the Political Code of the state of California.

. "Sec. 3.   Every person, company or corporation who shall neglect or refuse to procure the license provided for in section 1 of this ordinance, at the time or before the commencement of the business in this ordinance named, is guilty of a misdemeanor, and upon conviction thereof shall be fined, in addition to the amount of the license herein levied, the sum

of one hundred dollars, to be recovered in any court of competent jurisdiction in the county of Placer.

"Sec. 4.   This ordinance shall take effect and be in force on and after thirty days from its passage."

The ordinance was passed April 13, 1892.   Its due passage is admitted and the liability for the license tax conceded, providing the ordinance is a valid one.   The defendant demurred to the complaint upon the ground the same did not state facts sufficient to constitute a cause of action.   Demurrer overruled and the defendant declining to answer, judgment was rendered against it and in favor of plaintiff, from which judgment defendant appeals.

The question to be determined is, "Is the ordinance in question intended to regulate the business of sheep raising, grazing, herding, and pasturing, or is it for revenue only?" When the ordinance was passed the board of supervisors had the power to license business generally for the purpose of both regulation and revenue.   (Act March 31, 1891, sec. 25, subd. 27; Stats. 1891, p. 306, c. 216.)   This grant of power is also found in subdivision 25, section 25, of the County Government Act of 1897 (Stats. 1897, p. 465, c. 277), but is repealed by implication by section 3366 of the Political Code, as amended in 1901.   (Stats. 1901, p. 635, c. 209; *Ex parte Pfirrmann,* 134 Cal. 143, [66 Pac. 205].)   Section 3366, *supra,* as amended, grants to the board of supervisors "in the exercise of their police powers," power to license all and every business, not prohibited, for purposes of regulation and not otherwise.   So that whatever power the board possesses to impose a license tax on business is found in section 3366 of the Political Code, and, as has been seen, this power is limited to license for regulation alone.   The ordinance does not by any word or expression indicate that the business of sheep raising, grazing, herding and pasturing is to be regulated thereby in any way.   There is no privilege to be enjoyed by paying the license, further than the immunity against arrest and fine if the license be not paid, to any sheep business in the county, no protection to the business, and no protection or advantage secured to anyone owning property in the county.   It is claimed that as the power is in the board to pass an ordinance imposing a license tax for the purpose of regulation, and an ordinance having been passed imposing a license tax and

is silent as to the purpose, it must be presumed the board had no other purpose in view. · But we think no such presumption could be indulged in as to this ordinance, for it was passed when the board had the power to license for the purposes of regulation and for revenue both. All presumptions in favor of the validity of the ordinance must have existed when the power was exercised, and, there being nothing upon the face of the ordinance or in the law granting the power to pass it, which would indicate its purpose to be for regulation only, it cannot be said now under the changed conditions, the restriction of the power of the board, that the license tax is for regulation alone or at all. In *Ex parte Dickey*, 144 Cal. 235, [103 Am. St. Rep. 82, 77 Pac. 924], the court says: "Large discretion is necessarily vested in the legislature to determine not only what the public requires, but what measures are necessary for the public interest." This, no doubt, applies to the legislative body of the county, the board of supervisors. But we understand when a power is granted to such board, and the discretion in using it, such discretion must be exercised within the power possessed by such board. (*Dobbins* v. *City of Los Angeles*, 139 Cal. 183, [96 Am. St. Rep. 95, 72 Pac. 970].) The keeping, herding and grazing of large bands of sheep and the driving of them from place to place surely is a business calling for the exercise of the police power of the board to regulate. *Flanigan* v. *Sierra County*, 196 U. S. 553, [25 Sup. Ct. 314], decided at the October term, 1904, and cited by appellant, contained the same questions involved in this appeal. 'An ordinance passed by the board of supervisors of Sierra county provided that all persons "engaged in the business of raising, grazing, herding or pasturing sheep in the county of Sierra" must pay a license tax at the rate of ten cents for each sheep. Flanigan refused to pay the license tax and suit was brought to collect the same. The supreme court of the United States held that subdivision 25 of section 25 of the County Government Act of 1897 (giving power to boards of supervisors to license for revenue and regulation) was repealed by the enactment of the amendment to section 3366 of the Political Code, of March 23, 1901. The court further says: "Under the authority of the California cases, it must be regarded as a revenue measure." (*Lassen County* v. *Cone*, 72 Cal. 387, [14 Pac. 100]; *Ex parte Mirande*, 73

Cal. 365, [14 Pac. 888]; *City of Sonora* v. *Curtin,* 137 Cal. 583, [70 Pac. 674]; *Santa Monica* v. *Guidinger,* 137 Cal. 658, [70 Pac. 732].) Under the authorities quoted, and especially that of 196 U. S. 553, [25 Sup. Ct. 314], we conclude that the ordinance under consideration is for revenue only, and that the power of the board of supervisors to pass such an ordinance which was found in subdivision 25 of section 25 of the County Government Act of 1897 was repealed by the amendment of section 3366 of the Political Code, made March 23, 1901.

The judgment is reversed.

Chipman, P. J., and McLaughlin, J., concurred.