**ROLE v. J. NEILS LUMBER CO.**

No. 948.

District Court, D. Montana.

Dec. 19, 1947.

Leif Erickson, of Helena, Mont., and H. Lowndes Maury and A. G. Shone, both of Butte, Mont., for plaintiff.

Art Jardine, Sam B. Chase, Jr., and John D. Stephenson, all of Great Falls, Mont., for defendant.

PRAY, District Judge.

This action was commenced April 10, 1947, under the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219. The defendant is a corporation engaged in logging operations in Montana and in producing various kinds of lumber products for sale and shipment in interstate commerce. That since about April 10, 1945, the employees of defendant, herein suing and represented, and others similarly situated who may later join in this action, have been engaged in the production of goods for interstate commerce, and in so called portal-to-portal activities for work weeks longer than forty hours for which defendant has failed and refused to compensate them for such excess labor at rates not less than one and one-half times the rates at which said employees were employed.

Defendant alleges that this court has no jurisdiction of the subject matter of the complaint herein because of the provisions of the Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq., which became effective May 14, 1947, and "that the time spent by its employees in traveling to and from the place at which their regularly scheduled work was carried on and in obtaining, handling, carrying, caring for, and putting away tools, and receiving orders and notices, for which compensation is demanded in the complaint herein, was not compensable either (1) by any provisions of a written or non-written contract then in effect between said employees and their collective bargaining representative and defendant, or (2) by any custom or practice then in effect between said employees and defendant"; and that defendant is not liable for the claims asserted in the complaint under the provisions of the Portal-to-Portal Act of 1947.

In response to this defense, plaintiff asserts that "Part II of Public Law 49, the Portal-to-Portal Act, contravenes the Fifth Amendment of the Constitution of the United States which prohibits 'the taking of property without due process of law', and that subsections (a, b and c) of Section 2 are retrospective legislation whose objects is to destroy existing vested rights without due process"; also that the Portal-to-Portal Act attempts to redefine work-

ing time which is a judicial and not a legislative act and would be in violation of Article 3 of the Constitution.

Congress enunciated its policy and findings in Section 1 of the Portal-to-Portal Act which the courts have uniformly held do not constitute a usurpation of judicial power, and are not in conflict in any way with the findings and policy of Congress contained in Section 2 of the Fair Labor Standards Act, upon which the "portal-to-portal" claims are based. Does this Act infringe upon the decision in the Mt. Clemens Pottery case, Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515; it does not so appear from the language of the Act itself; contracts and practices which arose in pursuance of the terms of the Fair Labor Standards Act remained undisturbed; final judgments for "portal-to-portal" pay, where unpaid, are valid obligations.

In approving this legislation Congress was dealing with present existing conditions which the Act was intended to remedy, and in its operation was prospective rather than retrospective; while it dealt with claims based upon former legislative acts they were still existing claims at the time the Portal-to-Portal Bill was enacted. The Supreme Court held that the activities in question were compensable, subject to the "de minimis" doctrine. The claims in the Gold Clause case had also been sustained in the courts. Norman v. Baltimore & Ohio R. Co., 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885, 95 A.L.R. 1352; Gregory v. Morris, 96 U.S. 619, 24 L.Ed. 740. So called "portal-to-portal" claims based upon contract are still enforceable and no bar thereto is interposed by the Portal-to-Portal Act; but it seems to be clearly established that employers are no longer liable for payment of such claims where they rest solely upon the prior Act. Congress may repeal a statute granting gratuities and imposing penalties, and unless a saving clause is included, all prior liability thereunder is thereby terminated. Norris v. Crocker, 13 How. 429, 440, 14 L.Ed. 210; United States v. Chambers, 291 U.S. 217, 222–226, 54 S.Ct. 434, 78 L.Ed. 763, 89 A.L.R. 1510, and cases there cited; Lynch v. United States, 292 U.S. 571, 577, 54 S.Ct. 840, 78 L.Ed. 1434; Flanigan v. Sierra County, 196 U.S. 553, 560, 25 S.Ct. 314, 49 L.Ed. 597. The "portal-to-portal" benefits of the Labor Act came as a "windfall" to employees, and may be considered as purely statutory benefits, and at all times subject to the legislative will that created them. McNair v. Knott, 302 U.S. 369, 372–374, 58 S.Ct. 245, 82 L.Ed. 307 (and cases there cited); Chase Securities Corp. v. Donaldson, 325 U.S. 304, 311–312, 314–316, 65 S.Ct. 1137, 89 L.Ed. 1628; State of Louisiana v. Mayor, 109 U.S. 285, 287, 288, 3 S.Ct. 211, 27 L.Ed. 936; In re Hall, 167 U.S. 38, 42, 17 S.Ct. 723, 42 L.Ed. 69; Ewell v. Daggs, 108 U.S. 143, 151, 2 S.Ct. 408, 27 L.Ed. 682.

The Attorney General has convincingly demonstrated that "insofar as rights given by the Fair Labor Standards Act have not, in fact, become terms of employment contracts they may be withdrawn by the Congress. Section 2 of the Portal-to-Portal Act of 1947 which relieves employers of the liability of the so-called portal-to-portal claims goes no further and is clearly constitutional. Even without its plenary power to terminate the portal-to-portal claims by withdrawing their legislative support, the Congress clearly had the power to do so through exercise of its powers over interstate commerce." In a lengthy and exhaustive brief the Attorney General has cited abundant authority to sustain his position.

Contracts between private parties are entered into subject to existing laws of the United States, and also any changes which Congress may lawfully make in them. Louisville & Nashville R. Co. v. Mottley, 219 U.S. 467, 31 S.Ct. 265, 55 L.Ed. 297, 34 L.R.A.,N.S., 671; also Gold Clause case; Kline v. Burke Construction Co., 260 U.S. 226, 234, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

Able and persuasive arguments have been submitted by counsel for the respective parties, and by the Attorney General of the United States, who intervened under the Congressional Act of 1937, 28 U.S.C.A. § 401, all of which the court has carefully considered, together with many decisions by other courts throughout the Country relating to the questions involved in the present

action, and with the result that this court is fully convinced from the arguments of counsel and authorities cited, and from able decisions rendered by other courts embracing like issues, that the motion of defendant's counsel should be granted on both grounds therein set forth, and such is the order of the court herein, with exceptions allowed counsel for plaintiff.