### MACKLIN et al. v. KAISER CO., Inc.
#### No. 12712.

United States Court of Appeals
Ninth Circuit.

Sept. 4, 1951.

---

Hicks, Davis & Tongue, Thomas H. Tongue, III, and Mowry & Mowry, all of Portland, Or., for appellants.

Gordon Johnson, San Francisco, Cal., Richard Devers, Portland, Or., Dario DeBenedictis, San Francisco, Cal. (Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., Hart, Spencer, McCulloch, Rockwood & Davies, Portland, Or., of counsel), for appellee.

Before MATHEWS, STEPHENS and HEALY, Circuit Judges.

PER CURIAM.

This appeal is from a judgment which, on July 31, 1950, dismissed for want of prosecution an action seeking to enforce the alleged liability of appellee, the employer of appellants, for the failure of appellee to pay appellants overtime compensation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq., with respect to activities of appellants engaged in prior to December 7, 1945. The action was commenced on December 7, 1945, and was pending on May 14, 1947, the effective date of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq.

It did not appear from appellants' pleadings—a complaint and two supplemental complaints—that appellants' activities were compensable under subsections (a) and (b) of § 2 of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 252. Thus appellants' pleadings failed to show that the District Court had jurisdiction of the action after May 14, 1947. See subsection (d) of § 2 of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 252. Therefore, instead of being dismissed for want of prosecution, the action should have been dismissed for want of jurisdiction. Tipton v. Bearl Sprott Co., 9 Cir., 175 F.2d 432; Seese v. Bethlehem Steel Co., 4 Cir., 168 F.2d 58; Battaglia v. General Motors Corp., 2 Cir., 169 F.2d 254; Fisch v. General Motors Corp., 6 Cir.,

169 F.2d 266; Adkins v. E. I. du Pont de Nemours & Co., 10 Cir., 176 F.2d 661; Role v. J. Neils Lumber Co., D. C. Mont., 74 F.Supp. 812, affirmed in Role v. J. Neils Lumber Co., 9 Cir., 171 F.2d 706.

The judgment is accordingly modified so as to dismiss the action for want of jurisdiction and, as thus modified, is affirmed.