DENVER, SOUTH PARK & PACIFIC RAILWAY CO. V. WOOD-
WARD, Ad'r.

1. The Constitution of Colorado (§ 11, Bill of Rights) provides that no *ex post facto* law, nor law impairing the obligation of contracts, or *retrospective in its operation*," shall be passed by the general assembly.

2. The statute (1872, p. 117) upon which this action was based, is not to be regarded in any proper sense as a penal statute. Under this act, when an injury was done by the default of a railroad company, resulting in the death of the party injured, the personal representative was entitled to recover damages, not as a penalty, but as a *compensation* for the loss sustained, and neither an affirmative enactment nor a repealing statute can be so construed under our Constitution as to retroact and impair or take away any accrued right which by the authority of law, and in the manner pointed out by the statute, had been previously asserted.

3. The prohibition of retrospective legislation in the Constitution operates as a saving clause incorporated into the repealing section.

UPON petition for rehearing in this case (*ante*, p. 1) the following opinion was delivered by

THATCHER, C. J. Suit was brought by the personal representative of James Smith, in the district court of Arapahoe county, October 5th, A. D. 1875. The right to recover was founded upon a statute, the material parts of which are set out in the opinion in chief. On the 20th day of February, A. D. 1877, judgment was entered in favor of the plaintiff, and on the same day an appeal was prayed by the defendant to this court. On the fifth of April of the same year, a transcript of the record was filed with the clerk of this court.

But for the statute, in pursuance of which the suit was brought, no recovery could have been had. At common law the right did not exist. Had the accident not resulted in the death of Smith, he might, at common law, have recovered for the bodily injury sustained by him; but as the action was personal, it died with the person.

The statute, however, intervened and gave to the personal representative of the deceased the right to maintain an action, in a case, where the deceased, had he lived, might

have maintained it. Whether the cause of action, when the injury results in death, arises before or after the homicide, is a question upon which the authorities are not agreed. *Fowlkes* v. *Nashville & Decatur R. R. Co.*, 9 Heisk. 829, and cases cited.

To our inquiry in this case, whether it arose before or after death is not material. When death resulted there was a subsisting cause of action.

After the defendant had taken an appeal to this court, and while it was pending here, the State legislature — March 7th, 1877 — repealed the statute of February 8th, 1872, upon which this action was founded. The repealing statute went into effect ninety days after its passage.

Our Constitution provides (§ 11 of the Bill of Rights), "that no *ex post facto* law, nor law impairing the obligation of contracts or *retrospective in its operation* * * * * shall be passed by the general assembly." The phrase *ex post facto*, as used in the Constitution of the United States, and the Constitutions of the several States, does not apply to civil laws. Such laws only are *ex post facto* as provide for the punishment of a party for acts antecedently done which were not punishable at all, or not punishable to the extent or in the manner prescribed. *Watson* v. *Mercer*, 8 Peters, 88 ; *Carpenter* v. *Commonwealth of Penn.*, 17 How. 456 ; *Locke, Adm'r*, v. *Dane et al.*, 9 Mass 362.

Retrospective laws, except such as are *ex post facto* in the sense above indicated, and such as impair the obligation of contracts, are not in terms inhibited by the Constitution of the United States. Although such laws are often oppressive and unjust, amounting to a practical denial of justice, the courts have frequently asserted the right of the legislature to enact them, when not prohibited by the Constitution. But when legislatures, even in the absence of a constitutional interdict, pass laws which might be so construed as to give them a retrospective effect, courts will not so interpret them unless the intention of the law-making power is clearly declared. With caution and distrust,

courts give retrospective statutes effect, even where the law giver has a constitutional power to enact them. But here no such power exists. It was wrested from the legislature by the framers of the Constitution.

Our Constitution, as we have seen, prohibits the general assembly from enacting:   *First, ex post facto laws ;* *second,* laws impairing the obligation of contracts; *third,* laws retrospective in their operation.

The fundamental law could not well have been more comprehensive.   The term *retrospective* was intended to apply to laws which could not properly be said to be included in the description of *ex post facto*, or laws impairing the obligation of contracts.   *DeCordova* v. *Galveston*, 4 Tex. 474 ; *Bender* v. *Crawford*, 33 id. 745.

New Hampshire was, we believe, the first State to adopt a Constitution expressly prohibiting retrospective laws applicable to civil causes.   The twenty-third article of the New Hampshire bill of rights is as follows :   "Retrospective laws are highly injurious, oppressive and unjust.   No such laws, therefore, should be made, either for the decision of *civil* causes, or the punishment of offenses."

Adjudications upon this article are numerous.   The holding of the courts in that State is, that it is not within the constitutional competency of the legislature to annul by statute any legal ground on which a pending action is founded.   In *Woarts* v. *Winnick,* 3 N. H. 473, Chief Justice RICHARDSON, after a careful consideration of the question before him, says :   "The most attentive examination we have been able to give to the clause in the Constitution we are now considering, has satisfied us that it was intended to prohibit the making of any law prescribing new rules for the decision of existing causes so as to change the ground of the action or the nature of the defense."   In the case of *Dow* v. *Norris*, 4 N. H. 17, it was held that where a statute gives a penalty incurred under it to an individual, the right of the individual to the penalty cannot be taken away by a repeal of the statute ; that so far as the repeal-

ing statute might be construed to affect past transactions, it was repugnant to the Constitution and wholly inoperative. This case is cited approvingly in *DeCordova* v. *The City of Galveston,* 3 Tex. 477. The Constitution of Texas contains a similar provision to our own. In the case of *Clark* v. *Clark,* 10 N. H. 380, it was decided that a statute which attempts to confer authority upon the court to grant a divorce for matters already past, and which at the time they occurred were not a recognized ground of divorce, was a retrospective law within the meaning of the Constitution. In that case the court says: "A law may be retrospective in its operation, if it affect an existing cause of action, or an existing right of defense, by taking away or abrogating a perfect existing right, although no suit or legal proceeding then exists. Of course it is not intended to deny the right of the legislature to vary the mode of enforcing the remedy ; or to provide for the more effectual security of existing rights. *  *  *  * The statute of limitations may be changed by an extension of the time, or by an entire repeal, and affect existing causes of action, which by the existing law would soon be barred. In such case the right of action is perfect, and no right of defense has accrued from the time already elapsed. But if a right has become vested and perfect, a law, which afterward annuls or takes it away, is retrospective."

In *Rich* v. *Flanders,* 39 N. H. 307, the court asserts that the term *retrospective,* like the term *ex post facto,* is a technical term, and that while the latter applies only to criminal cases, and to those only in a particular way, so the former technically applies only to civil cases, and to those only in a particular way ; that if a statute in *form* affects the remedy only, yet *substantially* takes away accrued rights, it is unconstitutional and void. The court in this case recognizes the authority of the legislature to modify the remedy if the right be preserved. Although the decisions of the supreme court of New Hampshire clash somewhat with each other upon the question as to the extent to

which a remedy may be varied, we have been unable to find a single case that maintains that a perfect right of action, exercised by commencing a suit, can be taken away by the legislature. For a further discussion of this question by the supreme court of that State, see *Merrill* v. *Sherburn et al.*, 1 N. H. 199; *Greenlaw* v. *Greenlaw*, 12 id. 200; *Gilman* v. *Cutts*, 23 id. 376; *Willard* v. *Harvey*, 24 id. 344; *Colony* v. *Dublin*, 32 id. 432; *Rich* v. *Flanders*, 39 id. 304; *Kent* v. *Gray*, 53 id. 576; *Simpson* v. *Savings Bank*, 56 id. 468.

Nor are we confined to the State courts of New Hampshire alone for the interpretation of this important constitutional provision. As early as A. D. 1814, Judge STORY, in the celebrated case of *The Society, etc.,* v. *Wheeler et al.,* 2 Gallison, 105, had occasion to expound its meaning. The question before the circuit court was, whether a statute of New Hampshire, allowing to tenants the value of improvements on recoveries against them, could be constitutionally construed to apply to past improvements. Judge STORY says: "In respect also to the Constitution of the United States, the statute in question cannot be considered as void. The only article which bears on the subject is that which declares that no State shall pass 'any *ex post facto* law, or law impairing the obligation of contracts.' There is no pretense of any contract being impaired between the parties before the court. The compensation is for a tort, in respect to which the legislature have created and not destroyed an obligation. Nor is this an *ex post facto* law within this clause of this Constitution, for it has been solemnly adjudged that it applied only to laws which render an act punishable in a manner in which it was not punishable when it was committed. The clause does not touch civil rights or civil remedies. The remaining question then is, whether the act is contrary to the Constitution of New Hampshire. Various clauses of that Constitution have been cited; but that which seems most directly pointed to the case, and which must (if any one can) govern it, is the

23d article of the bill of rights, which declares, that 'retrospective laws are highly injurious, oppressive and unjust. No such laws, therefore, should be made either for the decision of *civil causes* or the punishment of offenses.' What is a retrospective law within the true intent and meaning of this article? Is it not confined to statutes which are enacted to take effect from a time anterior to their passage? or does it embrace all statutes, which though operating only from their passage affect vested rights and past transactions? It would be a construction utterly subversive of all the objects of the provision to adhere to the former definition. It would enable the legislature to accomplish that indirectly, which it could not do directly. Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective; and this doctrine seems fully supported by authorities. *Dash* v. *VanKleek*, 7 Johns. 477; *Calder* v. *Bull*, 3 Dal. 386. The reasoning in these authorities as to the nature, effect and injustice in general, of retrospective laws, is exceedingly able and cogent; and in a fit case, depending upon elementary principles, I should be disposed to go a great way with the learned argument of Chief Justice Kent."

It will be seen that the construction of the State and Federal courts is substantially the same.

In Missouri the legislature is under the same constitutional restraint in regard to retrospective legislation as is the legislature of this State. The prohibitory clauses in both Constitutions are identical. In *Hope Mutual Insurance Co.* v. *Flynn*, 38 Mo. 483, the question before the court was, whether it was competent for the legislature to enact a statute amendatory of the charter of an insurance company making the company's certificate of indebtedness conclusive evidence, in all suits, of the facts therein stated. The court held that the statute as to all causes of action origi-

nating prior to its passage was not retrospective in its opera-
tion, and, therefore, to that extent unconstitutional.

The definition of a retrospective law is given by the court
in almost the exact language employed by Judge STORY in
the case cited, *supra*. In the light of these authorities, the
construction of the repealing section is freed from some of
its difficulties.

Whatever may be said of the act approved March 7, 1877,
the act of February 8, 1872, is not to be regarded in any
proper sense as a penal statute. When, under the act
repealed, an injury was done to any person by the default
of a railroad company, resulting in the death of the injured
party, the personal representative of such person was enti-
tled to recover damages, not as a penalty, but as a compen-
sation for the loss sustained. The recovery was in the
nature of satisfaction for the injury. That the damages
recoverable under the old act were designed to be compen-
satory, see *Kansas Pacific Railway Co. v. John Lundin,
Administrator*, etc., 3 Col. 94. The amount of the recovery
was not restricted by the act, but entirely dependent upon
proof. The statute itself was founded upon principles of
right and justice, and it is fairly inferable, even independ-
ent of the constitutional restriction, that the legislature did
not intend, by the repeal of the former statute, to affect
rights which had grown up under it and been prosecuted to
judgment. The later act recognizes the justice of the former
one by re-affirming the right of recovery in all like cases in
the future, limiting, however, the amount of damages to
$5,000. No new rule is prescribed for past injuries com-
mitted by railroad companies. The position taken by
appellant's counsel that considering the later act as a whole,
it may reasonably be deduced that the repealing section was
not designed to interfere with existing causes of action is
not without force. But we prefer to rest our decision upon
what we conceive to be the proper construction of the
restraining clause in the Constitution under consideration.
The prohibition of retrospective legislation in the Constitu-

tion operates as a saving clause incorporated into the repeal
ing section.   In our opinion, neither an affirmative enact-
ment nor a repealing statute can be so construed under our
Constitution as to retroact upon and impair or take away
accrued rights, which by the authority of law, and in the
manner pointed out by it, had been previously asserted.
And especially is this true when such rights have been car-
ried into judgment.

The petition for rehearing will be denied.

*Rehearing denied.*

Mr. Justice ELBERT did not sit in this case.