## No. 13,058.

CITY OF COLORADO SPRINGS ET AL. *v.* MILLER.
(36 P. [2d] 161)

Decided September 10, 1934.

Mr. BEN S. WENDELKEN, for plaintiffs in error.

Messrs. STRACHAN & HORN, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

The defendant in error, Miller, was petitioner in the trial court and plaintiffs in error, City of Colorado Springs and Ray the building inspector, were respondents. Reference will be made to them as Miller, the city, and the building inspector.

Miller is the owner of a small dwelling house built on a lot 45x90 feet, facing north on Fontanero street and just west of the public alley as it intersects Fontanero street. To the west of petitioner's property is the Musick Drug Store built close to the west line of the 45x90 lot adjoining that of the petitioner, leaving a space of some 37 feet between the petitioner's house and the drug store. To the east of petitioner's property is the public alley twenty feet wide. To the east of the alleyway is a two-story structure, the lower floor on the west being occupied as a grocery store and that on the east as a barber shop, next to which and on a part of the adjoining residence property is a small building 6x8 feet used as a shoe shop. All of these buildings were constructed in their present location prior to August 24, 1926, the date of the enactment of the zoning ordinance, and prior to the time that the petitioner acquired title to the property in question in June or July, 1923, although the Musick Drug Store was built after Miller made a loan on the property in question, as a result of the foreclosure of the trust deed securing which loan he later acquired title.

The city passed a zoning ordinance on August 24, 1926. This ordinance divides the city into zones, lettered from "A" to "G," and prescribes the boundaries. "A" zone is a restricted residence zone and is limited to one and two-family dwellings, churches, libraries, public schools, telephone exchanges and the usual accessory buildings. Miller's property is located about the center of the north

end of this "A" or residence zone and is in one of the best residence sections of the city.

In 1927, Miller applied to the building inspector for, and was denied, a permit for the erection of a store building to be used as a bakery. Later an application for a building for Piggly Wiggly Store was refused, and in 1930, another application for store building was also refused. This refusal was appealed to the board of adjustment, as provided by the ordinance, and the board affirmed the action of the building inspector and refused to grant the permit. Miller then obtained an alternative writ of mandamus to compel the city to issue the permit. The city responded with the allegation that the permit as sought, was contrary to the city's zoning ordinance. Miller alleged that the placing of his property in "A" zone and restricting its use, was unreasonable and void, and if enforced would result in the confiscation of his property, and deprive him thereof without due process of law. On trial, the writ was made permanent, and on this order, error is assigned.

█ That it is within the scope of the powers of the city to pass a zoning ordinance, is well settled by this court. *Colby v. Board,* 81 Colo. 344, 255 Pac. 443. The general validity of the ordinance involved here seems to be accepted by counsel for Miller, but in its application to his property, they claim it to be unreasonable. This court is asked to hold the ordinance void because it is unreasonable, and that is an invitation to tread on dangerous ground. This case and the ordinance must be dealt with as they relate to the public welfare. The building inspector and the board of adjustment were the local authorities entrusted with the regulation of this matter, and they are the primary judges; unless they have unmistakably exceeded a reasonable exercise of the authority conferred, the courts should not interfere.

It is not apparent from the record that Miller's property has been singled out by the council or the board, for different application of the restrictions than that ap-

plied to any other property so situated. Because the council or the board did not do an unreasonable thing by exempting his comparatively small area of ground in the center of a residence zone and permitting it to be treated as property in a commercial zone, he complains. His complaint, in this respect, is impressive as an argument in favor of the validity and reasonableness of the ordinance as it relates to the general scheme attempted to be established by the zoning process.

■■ The claim that the application of the ordinance to Miller's property would amount to confiscation and deprive him thereof without due process of law is without merit. The evidence settles itself to one proposition, that is, the only loss suffered by Miller is in his being deprived of the chance to profit by the increased value of his property for business uses. To him the ordinance is satisfactory if it deprives others of the same opportunity and thereby enhances his values, but wrong, if he is not allowed to be made the exception. One who owns, or one who acquires, property, must be ever mindful of the right of the state or city to exercise its legislative authority for the common good. The ordinance is not unreasonable as it relates to the property involved.

The judgment is reversed.