No. 17,879.

CHESTER L. HOSKINSON *v.* CITY OF ARVADA, ET AL.

(319 P. [2d] 1090)

Decided December 9, 1957.   Rehearing denied January 27, 1958.

Mrs. PATRICIA H. MALOY, for plaintiff in error.

Messrs. HACKETHAL & McNEILL, Mr. GEORGE M. GRABER, for defendants in error.

*In Department.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

HOSKINSON, plaintiff in error, owner of 1.143 acres of land, applied to the building inspector of Arvada, Colorado, for a permit to construct on this tract a shopping center which would include a supermarket embracing over 4,000 square feet; a drugstore to occupy more than 2,200 square feet; a lunchroom to occupy in excess of 1,600 square feet, and another structure to house four stores for miscellaneous shops; this structure to embrace some 3,200 square feet. The building permit was denied. Hoskinson obtained an alternative writ of mandamus to compel the issuance of the permit, making defendants in error parties defendant in said action. In essence Hoskinson claims that the zoning ordinance pursuant to which the permit was denied is discriminatory as against him and deprived him "of beneficial use of his land by precluding the only use to which his property is reasonably adapted." The ordinance in question was introduced in evidence but a copy thereof does not appear in the record before us.

In response to the alternative writ the defendants alleged that the permit sought was contrary to the Arvada zoning ordinance. On trial the alternative writ was dissolved and the case dismissed. From the judgment thus entered Hoskinson is here on writ of error.

The challenged zoning ordinance, according to the Hoskinson brief, permits erection in the area in which plaintiff's land is situate, of single family residences, boarding and rooming houses (with not more than four roomers). Churches, hospitals and public schools are also permitted.

On the trial plaintiff's chief witness testified that the premises in question were in a good residential area and that in his opinion the erection of residences on this property would not be the most lucrative or profitable use to which the property could be put and that the erection of a shopping center "would afford the plaintiff a reasonable return for the use of his land."

It is not disputed that the area in which plaintiff's land is situated is a residential section throughout, improved with single family residences (with a few nonconforming uses which existed before the ordinance in question was adopted). Plaintiff's chief witness testified that if seven single family residences were erected on plaintiff's property "they would conform to the entire area structurally." The Arvada school district owns land south of plaintiff's property, a part of which is occupied by a school building and it is *contemplated* that the balance of the school land will be used for an athletic field.

The case of *City of Colorado Springs, et al. v. Miller,* 95 Colo. 337, 36 P. (2d) 161, is directly in point. There Mr. Justice Holland said:

"(1) That it is within the scope of the powers of the City to pass a zoning ordinance, is well settled by this court, *Colby v. Board,* 81 Colo. 344, 255 Pac. 443. The general validity of the ordinance involved here seems to be accepted by counsel for Miller, but in its application to his property, they claim it to be unreasonable. This Court is asked to hold the ordinance void because it is unreasonable, and this is an invitation to tread on dangerous ground. This case and the ordinance must be dealt with as they relate to the public welfare. The building inspector and the board of adjustment were the local authorities entrusted with the regulation of this matter, and they are the primary judges; unless they have unmistakably exceeded a reasonable exercise of the authority conferred, the Courts should not interfere.

"It is not apparent from the record that Miller's prop-

erty has been singled out by the council or the board, for different application of the restrictions than that applied to any other property so situated. Because the council or board did not do an unreasonable thing by exempting his comparitively small area of ground in the center of a residence zone and permitting it to be treated as property in a commercial zone he complains. His complaint, in this respect is impressive as an argument in favor of the validity and reasonableness of the ordinance as it relates to the general scheme attempted to be established by the zoning process.

"(2-3) The claim that the application of the ordinance to Miller's property would amount to confiscation and deprive him thereof without due process of law is without merit. *The evidence settles itself to one proposition, that is, the only loss suffered by Miller is in his being deprived of the chance to profit by the increased value of his property for business uses. To him the ordinance is satisfactory if it deprives others of the same opportunity and thereby enhances his values, but wrong, if he is not allowed to be made the exception. One who owns or acquires property, must be ever mindful of the right of the state or city to exercise its legislative authority for the common good.* The ordinance is not unreasonable as it relates to the property involved." (Emphasis supplied.)

The cases of *Hedgcock v. People*, 91 Colo. 155, 13 P. (2d) 264; *Hedgcock v. People*, 98 Colo. 522, 57 P. (2d) 891, and *Weicker v. Denver*, 75 Colo. 475, 226 Pac. 857, relied on by counsel for Hoskinson, are not in point. The tract owned by plaintiff in error is some distance removed from the business section of the City of Arvada. The trial court found and the evidence sustains its finding that the property is located in a residential area, and not in a business community. Under the record as made Hoskinson did not bring himself within the rule announced by this court in the Hedgcock and Weicker cases.

Perceiving no error the judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.