Joe W. KARDOLEY,
Plaintiff-Appellant,

v.

COLORADO STATE PERSONNEL
BOARD, and Colorado Department of
Labor and Employment, Division of
Employment and Training, Defendants-
Appellees.

No. 85CA0649.

Colorado Court of Appeals,
Div. III.

March 12, 1987.

Rehearing Denied April 23, 1987.

Certiorari Denied (Kardoley)
Sept. 8, 1987.

William E. Benjamin, Boulder, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy R. Arnold, First Asst. Atty. Gen., Gregory K. Chambers, Asst. Atty. Gen., Denver, for defendants-appellees.

METZGER, Judge.

Plaintiff, Joe W. Kardoley, appeals a district court judgment affirming the State Personnel Board's (Board) order which denied him a hearing following his termination from employment. We conclude that this appeal was filed untimely and, therefore, dismiss the appeal.

Plaintiff sought judicial review of the Board's decision in the Denver District Court pursuant to § 24-4-106, C.R.S. (1982 Repl.Vol. 10). Defendants, the Board and the Colorado Department of Labor and Employment, Division of Employment and Training, filed a motion to dismiss for lack of jurisdiction, asserting that an amendment to the statute, effective July 1, 1984, divested the district court of appellate jurisdiction in these matters and placed appellate jurisdiction solely in the Court of Appeals. The district court denied the defendants' motion to dismiss, but affirmed the Board's decision on other grounds.

On appeal, defendants reassert the jurisdictional issue they raised in the trial court. Plaintiff asserts that the General Assembly intended that the amendments to the State Personnel Act be given only prospective effect. Thus, he argues, the district court did have jurisdiction to review the Board's decision. We agree with defendant's jurisdictional argument and dismiss the appeal.

Prior to July 1, 1984, final decisions of the Board were subject to review by the Denver District Court. Section 24–4–106(4), C.R.S. (1982 Repl.Vol. 10). However, effective July 1, 1984, *see* Colo.Sess. Laws 1984, ch. 194 at 714, the State Personnel System Act was amended to read: "Any party may appeal the decision of the Board to the Court of Appeals within forty-five days in accordance with section 24–4–106(11)." Section 24–50–125.4(3), C.R.S. (1986 Cum. Supp.). This amendment was signed by the Governor on May 11, 1984, and became effective on July 1, 1984.

 Unless a contrary intent is expressed in the statute, changes in procedural law are applicable to existing causes of action and not merely to those which may accrue in the future. *Suley v. Board of Education*, 633 P.2d 482 (Colo.App.1981). On the other hand, changes in substantive law generally apply only prospectively. *Continental Title Co. v. District Court*, 645 P.2d 1310 (Colo.1982). Hence, the issue here becomes whether the amendment in question was procedural or substantive.

 Substantive statutes are those which create, eliminate, or modify vested rights or liabilities; procedural statutes, on the other hand, relate only to remedies or methods of procedure. *Smith v. Putnam*, 250 F.Supp. 1017 (D.Colo.1965). Neither the abolition of an old remedy nor the substitution of a new one constitutes the impairment of a vested right or the imposition of a new duty, for there is no such thing as a vested right in remedies. *Jefferson County Department of Social Services v. D.A.G.*, 199 Colo. 315, 607 P.2d 1004 (1980). The mere substitution of one method of judicial review for another is procedural and applies to existing claims. *Suley v. Board of Education, supra.*

 Here, although the General Assembly delayed the effective date of the amendments to the State Personnel Act, it did not exhibit any intent to limit the applicability of the procedural changes only to causes of action accruing in the future. Consequently, we hold that the State Personnel Act required that all appeals from decisions the Board made after July 1, 1984, be to the Court of Appeals.

The Board issued its final order in this case on July 19, 1984. Thus, plaintiff's only avenue of review was in this court. Accordingly, because plaintiff's appeal from the Board's order was not timely filed, we must dismiss it. *See* § 24–50–125.4(3), C.R.S. (1986 Cum. Supp.).

Appeal dismissed.

VAN CISE and BABCOCK, JJ., concur.